NO. 15-387

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____♦_____

IN RE NII HOLDINGS, INC. SECURITIES LITIGATION

_____♦_____

ON PETITION FOR PERMISSION TO APPEAL
FROM AN ORDER GRANTING CLASS CERTIFICATION
BY THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NO. 1:14-CV-227 (LMB/JFA) (HON. LEONIE M. BRINKEMA)

_____♦_____

DEFENDANTS' MOTION TO EXPEDITE WITH RESPECT TO
THEIR PETITION FOR PERMISSION TO APPEAL

_____♦_____

Dorothy J. Spenner
James O. Heyworth
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
(212) 839-5300

Michael D. Warden
Rebecca K. Wood
Nicholas J. Giles
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000 (telephone)
(202) 736-8711 (facsimile)
rwood@sidley.com

*Counsel for Defendants Steven P. Dussek,
Steven M. Shindler, and Gokul V. Hemmady*

_____

Defendants respectfully bring this motion to expedite all proceedings in this appeal. *See* Loc. R. 12(c). On November 17, 2015, the District Court entered an order certifying a securities fraud class action. *See* Mem. Op. at 2, No. 14-cv-227 (E.D. Va. Nov. 17, 2015) (ECF No. 227) ("Order"). On December 1, 2015, Defendants filed a petition in this Court seeking immediate appeal of the Order pursuant to Federal Rule of Civil Procedure 23(f). *See* Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f), No. 15-38 (4th Cir. Dec. 1, 2015) (ECF No. 2) ("Petition"); Fed. R. Civ. P. 23(f); Fed. R. App. P. 5. Proceedings in the District Court continue apace, *see infra* § 2, and dispositive motions are due on March 7, 2015. Therefore, in an ideal world, the 23(f) petition and the merits of the appeal would be resolved before that time, but, understanding that this Court has only one oral argument session before then, petitioners request the most expedited treatment possible in light of the importance of the issues presented and the schedule in the district court, where trial is expected to begin in May 2016.

As explained in the Petition, review should be granted under Rule 23(f) because this case presents two important and novel questions in this Circuit:

1.  Whether this Court should accept review under Federal Rule of Civil Procedure 23(f) of the District Court's order certifying a securities class action (i) to clarify the Fourth Circuit standard for determining market efficiency, where

1

the district court's decision is in open conflict with several other federal courts of appeals, and (ii) to correct the decision below, which conflicts with the leading cases that consider a cause-and-effect relationship between an unexpected corporate event and an immediate stock price change to be the most important factor in assessing whether there is the requisite market efficiency to justify certifying a securities class action.

2. Whether this Court should accept Rule 23(f) review to clarify the scope of a plaintiff's obligation, at the class certification stage, to demonstrate that damages can be measured on a classwide basis under *Comcast v. Behrend*, 133 S. Ct. 1426 (2013), and to adopt the Fifth Circuit's correct analysis in *Ludlow v. BP P.L.C.*, 800 F.3d 674 (5th Cir. 2015), which rejected the same approach by the same expert that the District Court accepted here. *Id.* at 690.

Given the significant issues raised in the Petition, Defendants urge the Court to grant expedited consideration of their Petition to allow the parties and the District Court to meaningfully plan the course of proceedings in light of the series of impending pre-trial deadlines. This action is being litigated in the Eastern District of Virginia. Consistent with that court's practice, the scheduling order sets a brisk pace: fact discovery closes in 11 days, on December 15, 2015; dispositive motions and *Daubert* motions are due March 7, 2016; the hearing on those motions is set for March 31, 2016; and the final pretrial conference is scheduled for April 7,

2016. *See* Scheduling Order, No. 14-cv-227 (E.D. Va. July 30, 2015) (ECF No. 180) (Exhibit 1, hereto); Order, No. 14-cv-227 (E.D. Va. Oct. 30, 2015) (ECF No. 223) (Exhibit 2, hereto). If Plaintiffs' claims survive summary judgment, it is likely that trial in this case will start in May 2016. In light of this schedule, the important issues raised by the Petition, and the unique considerations raised in a 23(f) class action appeal, Defendants request that this Court expedite consideration of their Petition to allow the parties to have the benefit of this Court's decision on whether to accept review and—if at all feasible—on class certification prior to dispositive motions, the penultimate (and, in securities fraud class actions, typically the ultimate) stage of the case. *See* Loc. R. 12(c).[1]

No party will be unduly burdened by expedited consideration of the Petition: both Plaintiffs and Defendants have fully briefed their class certification arguments in the District Court, presented oral argument in the District Court, and are aware that the core issue in this appeal is whether this Circuit's class certification jurisprudence in securities fraud cases is distinct from those of its sister circuits, including the Second Circuit and Fifth Circuits. Defendants are prepared to expedite their merits briefing and have oral argument on a date that will enable the Court to reach its decision in a manner consistent with this request. Given the

---

[1] Defendants have consulted with Plaintiffs' counsel regarding this request to expedite and Plaintiffs oppose the requested relief. *See* Loc. R. 27(a).

importance of these issues, the need to correct the error of the decision below, and the purposes of Federal Rule of Civil Procedure 23(f) to allow interlocutory review where it can still make a difference in the context of securities class actions, Defendants respectfully request expedited consideration of their Rule 23(f) petition and, if granted, the merits of class certification.

For these reasons and good cause shown, Defendants respectfully request all proceedings in this appeal be expedited.

Dated:  December 4, 2015                Respectfully submitted,

/s/ Rebecca K. Wood
Michael D. Warden
Rebecca K. Wood
Nicholas J. Giles
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000 (telephone)
(202) 736-8711 (facsimile)
rwood@sidley.com

Dorothy J. Spenner
James O. Heyworth
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
(212) 839-5300

*Counsel for Defendants Steven P. Dussek, Steven M. Shindler, and Gokul V. Hemmady*

## CERTIFICATE OF SERVICE

I certify that Defendants' Motion for Expedition of their Petition for Permission to Appeal was served on December 4, 2015. Notice of this filing is being sent by electronic mail to Plaintiffs' counsel listed below.

/ s / Rebecca K. Wood

Susan R. Podolsky
Law Offices of Susan R. Podolsky
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
spodolsky@podolskylaw.com

*Liaison Counsel for the Class*

Joel H. Bernstein
Serena P. Hallowell
Eric D. Gottlieb
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
jbernstein@labaton.com
shallowell@labaton.com
egottlieb@labaton.com

*Co-Lead Counsel for the Class*

Gregory Castaldo
Daniel C. Mulveny
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
gcastaldo@ktmc.com

*Co-Lead Counsel for the Class*

Jennifer L. Joost
Kessler Topaz Meltzer & Check, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104
jjoost@ktmc.com

*Counsel for Plaintiffs*

| | |
|---|---|
| James M. Hughes<br>David P. Abel<br>Motley Rice LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC  29464<br>jhughes@motleyrice.com<br>dabel@motleyrice.com<br><br>*Counsel for Additional Plaintiff*<br>*TOBAM, SAS* | Gerald H. Silk<br>Jai K. Chandrasekhar<br>Bernstein Litowitz Berger<br>    & Grossmann LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>jerry@blbglaw.com<br>jai@blbglaw.com<br><br>*Additional Counsel for the Class* |